By the Court.
Sandford, J.
The jury have found, that when the defendant, immediately after the protest of the bill, sent his agent to pay it, the plaintiff informed the agent that the bill had been paid, and that this information prevented the defendant from taking up the bill and collecting it from Davis, the drawer. Was the judge right in instructing the jury that •these facts entitled the defendant to their verdict ?
*364 In the case of Pickard v. Sears, 6 Ad. & El. 469, tbe chief justice, in delivering the opinion of the Queen’s Bench, said, “ the rule of law is clear, that where one by his words or conduct wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.”
In Freeman v. Cooke, 2 Exch. R. 654, (S. C. 12 Lond. Rep. 777,) Parke, Baron, delivering the judgment of the court, said the rule thus laid down in Pickard v. Sears, must be considered as established; and he defines the term “ wilfully” as there expressed, to mean, not merely that .the party knows his representation to be untrue, but also that if made believing it to be true, he means his representation to be acted upon, and it is acted upon accordingly.
The principle was declared by Bronson, J., in Dezell v. Odell, 3 Hill, 219, in his usual clear and forcible manner. He says, “ when a party, either by his declaration or conduct, has induced a third person to act in a particular manner, he will not after-wards be permitted to’ deny the truth of the admission, if tbe consequence would be to work an injury to such third person, or to some one claiming under him.”
Such declarations and admissions are regarded as equitable estoppels, or estoppels in pais. They conclude the party as evidence, and not as technical estoppels at common law.
The fact that the plaintiff acted in ignorance of the true state of the case, and without any bad faith, was relied upon to except this case from the principle to which we have referred. The authorities do not, however, sanction such an exception. The case of Petrie v. Feeter, 21 Wend. 172, shows that where a declaration on which another has acted is made in entire ignorance that the fact is otherwise, it will nevertheless conclude the party making it from proving the mistake to the prejudice of him who acted on the faith of such declaration.
The estoppel is applied in these cases, not upon the ground of wilful misrepresentation or fraud in making the admission or *365 declaration, but upon tbe ground tbat it will be a fraud to show tbat it is untrue to the'prejudice of one who has acted upon the faith of the statement. In this case, the plaintiff knowing that the defendant had come to pay the bill, informed him that it had been paid. He was bound to know that this statement would induce the defendant to omit taking any measures to collect the bill of the drawer. Thus, the erroneous information, though honestly given, caused the defendant to lose the opportunity of collecting the bill; and the law very justly precludes the plaintiff from proving in a suit against him upon the bill, that it was not paid. The plaintiff should have sought his remedy against the bank that acted as his agent, on which the loss at that time unquestionably rested, instead of suing the defendant.
The principle which we have stated applies to this case with the greater force, for the reason that the defendant, as the indorser of the bill, stood in the relation of surety for Davis, the drawer, to the plaintiff as the holder of the bill. Indeed, this relation of the parties would suffice to exonerate the defendant, on -the distinct ground that the creditor cannot retain his claim against the surety, while he prevents the latter from obtaining security or payment from the principal debtor.
In our opinion the charge of the judge was right, and there is no good reason for disturbing the verdict. The judgment at the special term must therefore be affirmed.
Smith v. The City of New York.